UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NICOLE LYNN C.,

                Plaintiff,

v.                                                   5:23-cv-01170 (AMN/TWD)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

---

**APPEARANCES:**                                     **OF COUNSEL:**

**OLINSKY LAW GROUP**                     **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street, Suite 210
Syracuse, New York 13202
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**     **KATHRYN S. POLLACK, ESQ.**
**OFFICE OF GENERAL COUNSEL**
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On September 12, 2023, Plaintiff Nicole Lynn C.[1] commenced this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

Security ("Commissioner") denying her application for disability insurance benefits and supplemental income for lack of disability ("Complaint").  Dkt. No. 1.[2]

This matter was referred to United States Magistrate Judge Therese Wiley Dancks, who, on December 5, 2024, recommended that the Court deny Plaintiff's motion for judgment on the pleadings, Dkt. No. 14, grant the Commissioner's motion for judgment on the pleadings, Dkt. No. 18, dismiss the Complaint, Dkt. No. 1, and affirm the Commissioner's decision.  Dkt. No. 20 ("Report-Recommendation").[3]  Magistrate Judge Dancks advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 20.  Plaintiff filed timely objections on December 17, 2024.  Dkt. No. 21.  Commissioner sought an unopposed extension of its time to respond on December 21, 2024, and the Court granted an extension until January 23, 2025.  Dkt. Nos. 22, 23.  Commissioner filed a response to Plaintiff's objections on January 22, 2025.  Dkt. No. 24.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

**II.   STANDARD OF REVIEW**

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).[4]  If no specific objections have been filed, this

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

[3] The case was reassigned to the undersigned on September 13, 2023.  Dkt. No. 6.

[4] "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'"  *Petersen*, 2 F. Supp. 3d at 228 (quoting N.D.N.Y. Local Rule 72.1(c)).

Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). "[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review." *Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.   DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein, including the background and legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision. *See* Dkt. No. 20 at 1-10. There is also no objection to Magistrate Judge Dancks' finding that the Administrative Law Judge's ("ALJ") assignment of a residual functional capacity ("RFC") limiting Plaintiff to occasional interaction with supervisors was supported by substantial evidence, and the Court finds no clear error in that finding. *Id.* at 10-16. Plaintiff does, however, object to other findings.

First, Plaintiff objects to the Report-Recommendation on the ground that the ALJ failed to resolve conflicting vocational expert testimony and instead affirmed the ALJ's decision based on *post hoc* reasoning. Dkt. No. 21 at 1. More specifically, Plaintiff avers that, in response to a hypothetical posed by Plaintiff, the vocational expert gave conflicting testimony on whether an individual restricted to occasional interaction with a supervisor could perform certain jobs in the national economy. *Id.* Plaintiff made this argument before Magistrate Judge Dancks, so the objection is subject to clear error review. *Compare id.* at 1-3, *with* Dkt. No. 14 at 4-5. The Court finds no clear error in the treatment of this argument in the Report-Recommendation. *See* Dkt. No. 20 at 10-17; *see also Petersen*, 2 F. Supp. 3d at 228-29 & n.6. The Court is satisfied with the Report-Recommendation's finding that there was, in fact, no contradiction in the vocational expert's testimony because the hypothetical given by the Plaintiff to the vocational expert was "clearly different" than the RFC determination limiting Plaintiff to "occasional interaction with . . . supervisors." *Id.* at 10-11. Plaintiff does not provide any support for her contention that the limitations imposed by the RFC and her hypothetical should be treated as identical. Dkt. No. 21 at 2-3. Regardless, Plaintiff's contentions that the ALJ did not address the alleged contradiction, and that the Report-Recommendation's treatment of the argument was a *post hoc* rationalization, are incorrect. The ALJ did note the relevant testimony and found that the testimony was based on a more restrictive hypothetical RFC than was supported by the record. Dkt. No. 9-8 at 19.

Second, Plaintiff argues that the Report-Recommendation should not have affirmed the ALJ's decision because the ALJ failed to consider Plaintiff's ability to complete the training period associated with identified jobs in the national economy. Dkt. No. 21 at 3-5. More specifically, Plaintiff argues that the ALJ misinterpreted the vocational expert's testimony regarding Plaintiff's capacity for supervisor interaction during training periods. *Id.* at 4. Again, this argument was

addressed by Magistrate Judge Dancks, and therefore, the Court reviews for clear error. *Compare id. with* Dkt. No. 14 at 5-6. The Court is satisfied with the Report-Recommendation's finding that the ALJ's determination was based on substantial evidence and a reasonable interpretation of the vocational expert's testimony. Dkt. No. 20 at 16-20. Even if the vocational expert's testimony regarding the level of supervisor interaction during training periods was "susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). Moreover, even if the Court were to credit Plaintiff's argument that she is unsuited for jobs with training periods like those discussed by the vocational expert, the vocational expert identified an available job with a significant and sufficient number of positions in the national economy which requires only a short demonstration, not a training period. *See* Dkt. No. 20 at 16-17; *see also* Dkt. No. 9-8 at 18-19 (listing "cleaner II"). For this reason, this case is distinguishable from *Sczepanski v. Saul*, where the court vacated on the facts before it but found that "[i]f the Commissioner can show on remand that even a fraction of the 3 million jobs identified by the vocational expert do not have probationary periods . . ." the Commissioner's determination might be upheld. 946 F.3d 152, 162 (2d Cir. 2020).

Accordingly, the Report-Recommendation is adopted in its entirety.

IV. **CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 20, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion, Dkt. No. 14, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's motion, Dkt. No. 18, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 29, 2025
      Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge